IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **VICKI H. GORDON** | \* |
| Plaintiff | \* |
| v. | \* Civil No. RWT 14-1361 |
| **NATIONSTAR MORTGAGE LLC** | \* |
| Defendant | \* |

## **MEMORANDUM OPINION**

Plaintiff Vicki H. Gordon brings this quiet title action against Defendant Nationstar Mortgage LLC, seeking to remove a cloud on the title of her home that exists because of an allegedly invalid deed of trust. In reality, this lawsuit is an attempted runaround to invalidate a state foreclosure proceeding in which the contested deed of trust has already been deemed valid and her property sold, with only ratification of the sale still remaining to be completed as of the date of this Opinion. Because Plaintiff fails to state a claim upon which relief can be granted, Defendant's Motion to Dismiss will be granted, and Plaintiff's Complaint will be dismissed with prejudice.

## **BACKGROUND**

On August 12, 2005, Plaintiff obtained a loan, evidenced by a note, for $223,300. ECF No. 1-2 at 3. That same date, she granted a deed of trust on her home, located in Prince George's County, Maryland, to the Defendant's predecessor-in-interest as security for the note. ECF No. 1-2 at 9. Plaintiff filed the instant Complaint seeking to quiet title on April 23, 2014, seeking to invalidate the deed of trust. ECF No. 1. Plaintiff claims that the deed of trust is null

and void. The basis for this claim is that the "Subject Mortgage was separated from the note at least once and remains separated, making the mortgage unenforceable, null, deficient, and illegal." *Id.* at 2.

Meanwhile, Defendant has been pursuing foreclosure proceedings against Plaintiff as a result of Plaintiff's default on the note.[1] The first foreclosure action was filed on July 19, 2013. *See Clarke v. Gordon*, Case No. 13-20933.[2] Plaintiff moved to dismiss the foreclosure, ECF No. 9-4, but that motion was denied. ECF No. 9-6. However, Defendant voluntarily dismissed this foreclosure on January 8, 2014. Defendant filed a second foreclosure action on May 9, 2014. *See Clarke v. Gordon*, Case No. 14-10871.[3] Plaintiff moved to dismiss the second foreclosure, presenting, in part, the exact same argument she presents here regarding the alleged invalidity of the deed of trust. ECF No. 9-10 at 2 ("The assignment of the Deed of Trust of record is invalid and unenforceable due to fact that subject Mortgage was separated from the note at least once and remains separated making the mortgage unenforceable, null, deficient, and illegal."). That motion was denied on September 22, 2014, for failure to state a meritorious basis for dismissal. ECF No. 9-12.

A review of the state court docket reveals that Plaintiff's home has been sold and that several further attempts by her to stall the foreclosure have failed.[4] Thus, it appears that all that

---

[1] The facts in this paragraph or not contained in the Complaint, but are drawn from documents filed in state court, which the Court is entitled to take notice of on a Motion to Dismiss. *See Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x 395, 397 (4th Cir. 2006).

[2] The docket for this case is available at http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId= CAEF1320933&loc=65&detailLoc=PGV.

[3] The docket for this case is available at http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId= CAEF1410871&loc=65&detailLoc=PGV.

[4] *See generally* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId= CAEF1410871&loc= 65&detailLoc=PGV.

remains is for the state court to ratify the sale.[5] In Maryland, ratification of the sale is ordinarily the final action of the trial court in a foreclosure proceeding before conveyance to the purchaser.[6] Maryland Rules § 14-215(c)(1).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to

---

[5] In Maryland, any exceptions to a foreclosure sale must be made within 30 days after appropriate public notice of the sale is given. Maryland Rules § 14-305(c). The docket is less than clear about whether that time has expired, but it appears that it may well have.

[6] Defendant makes a well-founded argument that Plaintiff's suit is barred by the doctrines of claim preclusion and issue preclusion based on the state court foreclosure proceeding. The Court agrees that most of the elements of each are met. The parties are in privity; Plaintiff's claim, that the mortgage is invalid, could have been raised in the foreclosure proceeding; the validity of the mortgage was actually raised by Plaintiff and litigated; and Plaintiff was given a fair opportunity to be heard on that issue. *See, e.g., Jones v. HSBC Bank USA, N.A.*, 2011 WL 382371, at *4-5 (D. Md. Feb. 3, 2011) (reciting elements of claim preclusion and issue preclusion). However, since the foreclosure sale has not yet been ratified, it is not clear that there has been a final judgment on the merits, which both claim and issue preclusion require. *Id.* The foreclosure proceedings have not yet come to an end. There is some authority in this District for the proposition that a ruling on a motion to dismiss in a foreclosure constitutes a final judgment, at least for purposes of issue preclusion. *DeCosta v. U.S. Bancorp*, 2010 WL 3824224, at *7 (D. Md. Sept. 27, 2010). However, most cases applying Maryland law identify ratification of the sale as the final judgment in a foreclosure action. *See Anyanwutaku v. Fleet Mortgage Grp., Inc.*, 85 F. Supp. 2d 566, 571-72 (D. Md.) (noting that a final adjudication on the merits occurred in foreclosure case once court "concluded that ratification of the sale was proper"); *McGhee v. JP Morgan Chase Bank, N.A.*, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013) ("the circuit courts'…ratification orders were clearly final judgments on the merits of the foreclosure proceeding"); *Gaston v. PNC Bank, Nat. Ass'n*, 2013 WL 140927, at *4 (D. Md. Jan. 10, 2013) ("the state court entered a final judgment on the merits in the earlier dispute when it issued an order ratifying the sale"). The Court need not resolve this issue, as Plaintiff has plainly failed to state a claim upon which relief can be granted, even if that claim is not precluded.

Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)). However, the Court is mindful that a *pro se* plaintiff is held to a less stringent standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

## DISCUSSION

Plaintiff's sole legal theory supporting her contention that the deed of trust securing her property is invalid is that it was at some point separated from the note, which purportedly rendered the deed of trust void. ECF No. 1 at 2. Specifically, Plaintiff alleges that "the assignment only assigns the mortgage and there is no evidence that MER[S] initially physically possessed the note or had the authority from the lender to assign it." *Id.* at 3. In Maryland, the deed of trust securing a note follows the transfer of the note. *Svrcek v. Rosenberg*, 40 A.3d 494, 507 (2012). It is true that assignment of the deed of trust alone would be a nullity. *Id.* That is of no moment here, however, because, contrary to the allegations in the Complaint, the deed of trust has not been assigned separate from the note. Plaintiff attached a document to the Complaint that shows that the deed of trust was assigned *with* the note. ECF No. 1-2 at 1. The Complaint contains no other allegation that the deed of trust is invalid, or that would otherwise entitle Plaintiff to the relief requested. Because the sole basis for her right to relief is directly contradicted by her own evidence, Plaintiff's Complaint must be dismissed.[7] *See Fare*

---

[7] The Court also notes that, to the extent Plaintiff's Complaint purports to contain allegations that other assignments, besides the one she provides evidence of, separated the deed of trust from the note, Defendant has attached as an exhibit a deed of appointment from the Maryland foreclosure proceeding confirming that it is the current beneficiary of the note. ECF No. 9-3. The Court takes judicial notice of this court document as evidence that Defendant is the proper holder of the note, and thus has the right under Maryland law to enforce the obligations of the deed of trust. Plaintiff makes no effort to contest the validity or accuracy of this document.

*Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 683 (D. Md. 2001) ("When the bare allegations of the complaint conflict with any exhibits or other documents, whether attached or adopted by reference, the exhibits or documents prevail.")  Plaintiff's allegations are not plausible based on her own evidence, and therefore the Complaint will be dismissed.

## CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Accordingly, Defendant's Motion to Dismiss will be granted and Plaintiff's Complaint will be dismissed.  A separate Order follows.

Date: <u>August 31, 2015</u>                                    /s/
                                                                        ROGER W. TITUS
                                               UNITED STATES DISTRICT JUDGE